**PRINCESS COALS, INC., et al., Appellants,**

v.

**William Thomas EVANS et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 21, 1972.

Fred G. Francis, Prestonsburg, for appellants.

G. C. Perry, III, Perry & Greene, Paintsville, J. Keller Whitaker, Workmen's Compensation Board, Martin Glazer, Dept. of Labor, Frankfort, Gemma Harding, Dept. of Labor, Special Fund, Louisville, for appellees.

OSBORNE, Judge.

This is a workmen's compensation case in which it is contended by the appellant that the Board abused its discretion in refusing to accept the testimony of two disinterested doctors, one appointed under the provisions of KRS 342.315 and the other under KRS 342.121.

Claimant, a 46-year-old underground mine repairman, was injured on February 28, 1966, when he rolled between a personnel carrier and the top of the mine. It is undisputed but what the claimant was injured, receiving several broken ribs and other bruises and abrasions. He was temporarily totally disabled for work from the date of his injury until May 24, 1967, at which time he returned to work and continued in his employment until the mine closed on September 23, 1967.

The medical testimony as to the exact nature and extent of claimant's injuries and the extent of disability resulting therefrom is in complete conflict. As a result of this conflict and because the employer had moved to make the Special Fund a party, the Board appointed two physicians to examine claimant and report.

Dr. Robert F. Sexton of Louisville, Kentucky, was appointed under the provisions of KRS 342.315 by order of the Board dated May 26, 1969. Without detailing Dr. Sexton's findings, it suffices here to say that Dr. Sexton found claimant to be 40% functionally disabled. He further found that 75% of this disability could be attributed to a preexisting condition and 25% of it to the accident here in question. On March 30, 1970, the Board appointed Dr. Ludwig H. Segerberg under the provisions of KRS 342.121. Again without our detailing the findings, Dr. Segerberg concluded that claimant had 15% functional disability to the body as a whole.

Following the reports of the two above doctors, claimant filed with the Board an instrument which he styled Motion to Review Medical Panel and Specific Objec-

tions and Exceptions Thereto. It is strongly contended by appellant that these objections were not specific enough in pointing up the exact grounds upon which they were based and that they should not have been given consideration by the Board and the circuit court. The objections as filed by claimant were as follows:

"Comes the plaintiff, William Thomas Evans, and moves the Board to review the medical panel report dated February 23, 1970, of Dr. L. H. Segerberg and for specific objections and exceptions thereto says as follows:

(1) Dr. Segerberg's history is incomplete in important areas such as it does not show the type of accident and the way that this man got hurt; he says under clinical impression that this man has psychosomatic problems but he apparently does not take that into consideration in taking the history and therefore does not separate that part of the history relating to psychosomatic and that which is related to organic. Therefore, it is difficult for the Board to consider Dr. Segerberg's report of any value. Dr. Sexton's report and deposition is extremely fair, Dr. Sexton having been appointed by the Board, and covers this important organic and psychosomatic problem of this man and gives a fair evaluation and proration thereof. As far as we can tell Dr. Segerberg made no attempt to evaluate the psychosomatic nor does he make any attempt to say what vocational disability this man has as a result of his organic problem. He does recognize an organic problem in this man secondary to the injury and gives him 15% functional disability from that accident. We feel that if he were asked that he would say that this 15% functional disability would transpose into a much larger vocational disability, in fact, a total disability for the type of work this man is trained for and that in fact he would not employ this man on a preemployment physical for such activity. We believe that if he were asked that he would say that the psychosomatic origin is genuine bona fide traumatic neurosis as a result of the injury here concerned with and it independent of the 100% vocational organic disability renders this man 100% vocationally disabled.

(2) We believe this man to be more thoroughly evaluated and more comprehensively so by Dr. Sexton who was appointed by the Board. Dr. Segerberg's report is so deficient as stated above as to in fact be of no value to the Board.

WHEREFORE, we ask that the Board review the medical panel report of Dr. Segerberg and that these objections and exceptions be sustained to same."

██ ██ We are of the opinion that the foregoing objections were sufficiently specific to authorize the Board to disregard the evidence of the medical panel and to examine the entire record. See Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403. Therefore, we do not believe the Board abused its discretion in refusing to accept the conclusions of the medical panel. There was other medical proof in the record that would amply warrant the finding of the Board that claimant was 100% permanently disabled.

Dr. Armond T. Gordon, one of the first physicians to testify, testified that in his opinion claimant was 50% functionally and 100% occupationally disabled. This testimony is sufficient to support the award of the Board.

Judgment affirmed.

All concur.